UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

---

IN RE: GRIEVANCE ARBITRATION BETWEEN UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 1116, ON BEHALF OF JEFF PROVENZINO, AND MINER'S INCORPORATED

Case No. 00-1557 DDA/RLE

**ORDER**

---

Fryberger, Buchanan, Smith & Frederick, P.A., by JOSEPH J. MIHALEK, Duluth, Minnesota, appeared on behalf of Miner's Incorporated.

Brown, Andrew & Signorelli, P.A., by THOMAS F. ANDREW, Duluth, Minnesota, appeared on behalf of United Food and Commercial Workers, Local 1116.

---

This case involves an arbitration conducted in accordance with a collective bargaining agreement between United Food and Commercial Workers, Local 1116 ("the Union") and Miner's Incorporated ("Miner's"). The issue in the arbitration was whether Miner's had just cause to terminate its employment of Jeff Provenzino, a member of the Union. The arbitrator found in favor of Provenzino. Miner's moved to vacate the arbitrator's award on the ground that the arbitrator exceeded his authority. The Union in turn moved to confirm the award and in addition requests an order awarding the Union its reasonable attorney fees and expenses incurred in responding to Miner's motion. The Court will deny Miner's motion to vacate the arbitrator's award, grant the Union's motion to confirm the award, and deny the Union's motion for attorney fees and expenses.

Miner's suspended and later terminated Provenzino's employment based on Miner's conclusion that Provenzino intentionally had broken a security light on Miner's premises. Miner's and the Union agreed that willful destruction of the employer's property constituted "just cause" for termination under the collective bargaining agreement. The Union on Provenzino's behalf, however, contended in its grievance that if Provenzino had broken the light his actions were not intentional and therefore no "just cause" for termination existed. The parties could not resolve this issue, and the matter proceeded to arbitration.

The arbitrator held a hearing to receive testimony and exhibits. Miner's complaints stem primarily from perceived irregularities or misconduct at this hearing. No transcript was made, but

FILED JAN 0 2 2001
FRANCISE DOSAL, CLERK
JUDGMENT ENT'D JAN 0 2 2001
DEPUTY CLERK

the parties do not dispute the pertinent details. Counsel for the Union did not disclose to Miner's a statement from a witness that the Union offered as an exhibit. This statement, which the Union had in its possession for some time prior to the hearing, disavowed an earlier statement the witness made implicating Provenzino and implied that Miner's had procured the earlier statement through intimidating the witness. Miner's claims the Union's failure to disclose the later statement violated the collective bargaining agreement and prejudiced its position in the arbitration. Miner's also claims that counsel for the Union met with witnesses in violation of a sequestration order from the arbitrator and that the arbitrator without evidentiary support found that Miner's had intimidated witnesses into testifying favorably to it. These things, in Miner's view, show fraud, bias on the part of the arbitrator, and skewed the proceedings to such a degree as to require vacation of the arbitrator's award.

Judicial review of an arbitration award is limited to determining whether the parties had an agreement to arbitrate and, if so, whether the arbitrator had the authority under the agreement to make the award at issue. Trailmobile Trailer, LLC v. Int'l Union of Electronic, Electrical, Salaried, Mach. and Furniture Workers, AFL -- CIO, 223 F.3d 744, 746 (8th Cir. 2000). The dispute in this case is limited to whether the arbitrator exceeded his authority. An arbitrator has the authority to make any award that draws its essence from the arbitration agreement. Amalgamated Transit Union, Local No. 1498 v. Jefferson Partners, 229 F.3d 1200, 1200 (8th Cir. 2000).

The procedural and evidentiary issues Miner's raises are not sufficient to justify vacating the award under this deferential standard of review. The parties' written arguments to the arbitrator clearly state that the purpose of the hearing, and thus the "essence" of the arbitration agreement, was to evaluate the credibility of the witnesses for each side. The arbitrator received conflicting evidence, including the original statements Miner's relied upon in terminating Provenzino and Provenzino's denial of wrongdoing. The arbitrator concluded that Provenzino's position was more credible and made an award consistent with that judgment, which is exactly what the parties pursuant to the arbitration agreement had asked him to do. Even assuming that the Union wrongfully withheld evidence from Miner's, the result would not necessarily have been different had the evidence been disclosed earlier. The same could be said for the arbitrator's finding concerning the

intimidation of Miner's witnesses. The arbitrator had competent evidence to find in favor of Provenzino without reference to that finding. See Abernathy v. U.S. Postal Service, 740 F.2d 612, 614 (8th Cir. 1984)(holding that an erroneous factual finding does not in itself require vacation of an arbitration award). Nothing in this record otherwise establishes fraud, partiality, or any other reason to vacate the award. See Duluth Missabe & Iron Range Ry., Inc. v. Bhd. of Locomotive Eng'rs, 113 F.S.2d 1356, 1366 n.5 (D. Minn. 2000) (noting that an arbitration award will not be set aside in this context without "clear and convincing evidence" of an "extremely high degree of improper conduct").

Although Miner's has not shown that the arbitration award should be vacated, the Union also has not shown that it is entitled to attorney fees and costs. The Union argues that Miner's motion was made in bad faith and for an improper purpose and that the Union accordingly may recover its attorney fees based on Fed.R.Civ.P. 11, 29 U.S.C. § 185, and the Court's inherent equitable power. Given Miner's concerns about the conduct of the arbitration hearing, however, Miner's arguments are not groundless, and an award of fees in this case is not justified.

For the foregoing reasons, the Court hereby ORDERS that:

1. Miner's motion to vacate the arbitration award is DENIED;

2. The Union's motion to confirm the arbitration award is GRANTED;

3. The Union's motion for attorney fees and expenses is DENIED;

4. The award of the arbitrator is CONFIRMED;

5. The clerk shall enter judgment as follows:

It is hereby judged and decreed that the award of arbitrator Joseph L. Daly dated April 4, 2000, is in all things confirmed.

Dated: January 2, 2001

Donald D. Alsop

DONALD D. ALSOP, Senior Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JAN 0 2 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*